**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

RONNELL VERNON COLE       *
                         *
        v.                *         Case No. PJM-10-2316
                         *
BOBBY P. SHEARIN, WARDEN     *

******

**MEMORANDUM OPINION**

On August 20, 2010, Petitioner Ronnell Vernon Cole, *pro se*, filed the instant 28 U.S.C. § 2254 habeas corpus petition attacking his convictions for attempted first-degree murder and unlawful use of a handgun. ECF No. 1.  On December 9, 2010, Respondents Bobby Shearin, Warden of the North Branch Correctional Institution, and Douglas F. Gansler, the Attorney General of the State of Maryland, filed an Answer which addressed the procedural and substantive merits of Petitioner's application.  ECF No. 7.  On March 14, 2011, this Court granted Petitioner twenty-eight days to file a reply addressing the allegations of procedural default.  ECF No. 8.  In response, Petitioner filed a first reply on April 6, 2011 (ECF No. 9) and, after the Court granted an extension of time, a second reply on April 28, 2011.  ECF No. 14.

On April 2, 2007, Mr. Cole filed a *pro se* petition for post-conviction relief in the Circuit Court for Baltimore County.  Exh. 9.[1]  That petition raised two issues: "Counsel for defense failed to investigate or interview witnesses in State discovery that was pertinent to defense," and "Counsel for defense failed to file Motion to Suppress witness false statements."  *Id.* at 2.  The petition did not contain any further description of the facts supporting the alleged deficient performance.  *Id.*  On April 17, 2007, the state filed a motion to dismiss the petition as vague, deficient, and devoid of factual support.  Exh. 10.  On September 11, 2008, a hearing on Mr.

---

[1] References to "Exhibit" or "Exh." refer to the exhibits to Respondents' Answer to the Petition in this Court.

Cole's post-conviction motion was held before Judge Dana Levitz of the Baltimore County Circuit Court. Exh. 11. At the hearing, Mr. Cole was represented by counsel. *Id.* On Mr. Cole's behalf, counsel requested a continuance for Mr. Cole to obtain private counsel. *Id.* at 4-5. Judge Levitz denied the request, citing the fact that the hearing had already been postponed four times. *Id.* at 5. Counsel next requested, in the alternative, the opportunity to withdraw the post conviction petition without prejudice. *Id.* at 5-6. Judge Levitz indicated that any withdrawal would be with prejudice. *Id.* at 6. Counsel for Mr. Cole then stated, "Your Honor, Mr. Cole has indicated to me that he is just not prepared to go forward. He is not going to present any testimony. I have no other evidence other than the Court record and the transcripts to present in this case." *Id.* at 6. Mr. Cole elected on the record not to testify at the hearing. *Id.* at 7. Judge Levitz then ruled in open court, "The petition for post conviction relief is denied. There has been nothing to support the petition." *Id.* at 8-9. In a subsequent opinion formalizing the ruling, Judge Levitz wrote:

> The Petitioner failed to put forth any evidence at the hearing, called no witnesses and made no argument. There remained before the Court nothing more than bald allegations put forth in the Petition, with no facts to substantiate the allegations.

Exh. 12 at 1-2. On October 3, 2008, Petitioner filed an application for leave to appeal to the Maryland Court of Special Appeals, contending that Judge Levitz had abused his discretion by denying the continuance or the request to withdraw the petition without prejudice. Exh. 13. The Court of Special Appeals summarily denied the application on June 28, 2010. Exh. 14.

In the instant § 2254 petition, Petitioner raises four arguments: (1) the post conviction judge abused his discretion by not allowing a continuance or the withdrawal of the petition without prejudice; (2) trial counsel provided ineffective assistance in failing to call "an alibi witness;" (3) trial counsel provided ineffective assistance in failing to object to the victim's

photo array; and (4) trial counsel provided ineffective assistance in failing to object to the victim's trial testimony.[2]  ECF No. 1.

Petitioner's first claim, that Judge Levitz erred in denying his motion for continuance or for withdrawal of his petition without prejudice, cannot be adjudicated in this forum.  The Fourth Circuit has held that "even where there is some error in state post-conviction proceedings, a petitioner is not entitled to federal habeas relief because the assignment of error relating to those post-conviction proceedings represents an attack on a proceeding collateral to detention and not to the detention itself."  *Lawrence v. Branker*, 517 F.3d 700, 717 (4th Cir. 2008) (citing *Bryant v. Maryland*, 848 F.2d 492, 493 (4th Cir. 1988) ("[C]laims of error occurring in a state post-conviction proceeding cannot serve as a basis for federal habeas corpus relief.")).

Petitioner's three remaining claims present substantive allegations of ineffective assistance of trial counsel, which could be appropriate for consideration on federal habeas review where requisite procedural requirements have been met.  In this case, however, the procedural requirements have not been met.

> The Supreme Court has long recognized that principles of comity dictate that the state be given the first opportunity to correct constitutional errors in criminal proceedings.  *See Ex parte Royall,* 117 U.S. 241, 251-53, 6 S.Ct. 734, 29 L.Ed.

---

[2] Even if they were not procedurally defaulted as described herein, the three allegations of ineffective assistance raised by Petitioner were highly unlikely to refute the "presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland v. Washington,* 466 U.S. 668 (1984) *(quoting Michel v. Louisiana,* 350 U.S. 91, 101 (1955)).  The procedural grounds Petitioner cites for objection to the victim's photo array and testimony, namely the fact that the victim did not write a statement on the photo array and did not give a prior sworn statement or grand jury testimony, do not provide any legal basis for excluding the array or testimony at trial, where the victim testified live, under oath, and subject to full cross-examination.  Counsel's decision not to make those objections therefore did not constitute ineffective assistance.  Finally, Petitioner provided the sworn statement of his alleged "alibi witness," John Addison.  ECF No. 12.  That statement does not exculpate Petitioner, but it simply states that Mr. Addison did not witness the shooting, does not know who was responsible for it, but does "not recall seeing [Petitioner] . . . at the fight."  *Id.*  Counsel's decision not to call Mr. Addison as a witness therefore was well within the bounds of reasonable trial strategy.

868 (1886). Accordingly, a federal court may not grant a writ of habeas corpus to a petitioner in state custody unless the petitioner has first exhausted his state remedies by presenting his claims to the highest state court. *See* 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel,* 526 U.S. 838, 842, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999). The petitioner's duty to exhaust is codified in 28 U.S.C. § 2254(c), which provides that "[a]n applicant shall not be deemed to have exhausted [state remedies] ... if he has the right under the law of the State to raise, by any available procedure, the question presented."

*Baker v. Corcoran*, 220 F.3d 276, 288 (4th Cir. 2000). Several of Petitioner's current claims have not been raised in any state forum, which bars this Court from granting relief under 28 U.S.C. § 2254(b)(1). Moreover, even if some of the claims can be deemed to have been listed in Petitioner's state petition for post-conviction relief, Petitioner's handling of that petition does not satisfy the requirement that the claims be fully and fairly presented to the state courts. As the Fourth Circuit noted in *Baker*, 220 F.3d at 289:

> Although a petitioner need not "cit[e] book and verse on the federal constitution" in order to satisfy the exhaustion requirement, *Picard,* 404 U.S. at 278, 92 S.Ct. 509 (internal quotation marks omitted), the federal claim nevertheless must be "fairly presented" to the state court, *id.* at 275, 92 S.Ct. 509. Fair presentation mandates that the federal claim "be presented face-up and squarely.... Oblique references which hint that a theory is lurking in the woodwork will not suffice." *Matthews v. Evatt,* 105 F.3d 907, 911 (4th Cir.1997) (internal quotation marks omitted). Rather, "both the operative facts and the controlling legal principles must be presented to the state court." *Id.* (internal quotation marks omitted).

Petitioner did not provide any operative facts to the state court, in writing or at the hearing, to support his post-conviction petition. Instead, Petitioner opted to protest the denial of his requested continuance by refusing to present any evidence to the state court, including his own testimony. As a result, the state court did not have a fair opportunity to consider Petitioner's federal claims of ineffective assistance of counsel, and the claims were not exhausted in state court. Petitioner's claims would now be procedurally barred in state court, because the Maryland Uniform Post Conviction Procedure Act limits a petitioner to a single petition for post conviction relief for each trial. Md. Code, Crim. Proc., § 7-103(a). "However, the procedural

4

bar that gives rise to exhaustion provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas corpus review of the defaulted claim, unless the petitioner can demonstrate cause and prejudice for the default." *Gray v. Netherland,* 518 U.S. 152, 162, 116 S.Ct. 2074, 135 L.Ed.2d 457 (1996).

> This Court's order of March 14, 2011 specifically stated

> Petitioner is cautioned that he must state specific reasons why he failed to comply with the state's procedural rules or otherwise did not present or pursue these claims at state court at the trial level, on appeal, or by way of post conviction review. Petitioner is advised that the reasons presented must be legally sufficient and that the facts surrounding or relating to the reasons for the failure must be stated with specificity. If Petitioner claims that this Court should address procedurally defaulted claims under the fundamental miscarriage of justice exception, he must show specific reasons for the application of this exception.

ECF No. 8 at 2. Petitioner provided no explanation for his failure to comply with the state's procedural rules, other than an assertion that "had Honorable Judge Levitz allowed Petitioner to withdraw petition those issues would have been raise[d]." ECF No. 14 at 1. That assertion does not establish cause for failure to raise the issues in the original petition or the failure to present evidence at the post-conviction hearing, where Petitioner was represented by the public defender. Because Petitioner has not established cause and prejudice and has not addressed the fundamental miscarriage of justice exception, his allegations of constitutional error are procedurally defaulted.

Under the amendments to Rule 11(a) of the Rules Governing Proceedings under Section 2254, "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant ... If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." In *Slack v. McDaniel,* 529 U.S. 473, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000), the Supreme Court held that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the

prisoner's underlying constitutional claim, a COA [certificate of appealability] should issue when the prisoner shows, at least, that ... jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack,* 529 U.S. at 484.  Petitioner does not satisfy this standard, and the Court declines to issue a certificate of appealability as required under the Rules Governing Section 2254 Petitions in the United States District Courts.

A separate Order follows.


December 14, 2011                                        _____/s/_____
                                                            Peter J. Messitte
                                                        United States District Judge